**Charles COE and John Doe and Richard Roe.**

v.

**Charles REYNOLDS, as Chief of Police et al.**

Nos. C81–554–L, C81–557–L.

United States District Court, D. New Hampshire.

Jan. 8, 1982.

As Amended Jan. 18, 1982.

Edward T. Clancy, Dover, N. H., for John Doe & Richard Roe.

John J. Ahlgren, Portsmouth, N. H., for Charles Coe.

Scott Woodman, Robert Shea, Burns, Bryant, Hinchey, Cox & Shea, Dover, N. H., for City of Dover.

Betsy Westgate, Asst. Atty. Gen. for State of N. H., Concord, N. H., Dort S. Bigg, Wiggin & Nourie, Manchester, N. H., for defendants.

## AMENDED ORDER ON PETITION FOR PRELIMINARY INJUNCTION AND THE CONSTITUTIONALITY OF N.H. RSA 175:6

LOUGHLIN, District Judge.

The plaintiffs have instituted an action seeking injunctive relief and damages as a result of the defendant's application of NH RSA 175:6, Prohibited Sales of Liquor. Plaintiffs allege that this action arises under 42 U.S.C. § 1983 and that injunctive relief is appropriate due to the irreparable harm suffered.

A hearing on a preliminary injunction was held on January 5, 1982. Concerning the actions of the defendant, Chief of Police of the City of Dover, the facts are basically uncontroverted.

On September 11, 1981 Chief Reynolds issued an order to establishments, stores, and clubs in the City of Dover dispensing alcoholic beverages that they should not sell intoxicating beverages to the plaintiffs who in order to avoid further notoriety have used fictitious names in these suits. The plaintiffs are three in number. Suits were instituted in this court on November 5, 1981 by plaintiffs John Doe and Richard Roe and subsequently on November 6, 1981 by plaintiff, Charles Coe.

Demands by counsel for the plaintiffs were made to the defendant, Chief of Police to rescind his orders. This was not done until December 24, 1981.

At the hearing on January 5, 1982, the parties stipulated to the following agreement: that the recision order issued by the Chief of Police of the City of Dover, New Hampshire, dated December 24, 1981 with reference to a certain order dated on or about September 11, 1981 promulgated pursuant to RSA 175:6 shall remain in full force and effect, and no further orders shall be issued by the Chief of Police or other named defendants with respect to the plaintiffs herein until the conclusion of this case.

A press release dated December 28, 1981 further exacerbated the notoriety of the defendant Chief of Police action by stating in essence that his order of September 11, 1981 had been rescinded.

It has been agreed by counsel that at no time did the plaintiffs in this action receive a notice of the impending action or have a hearing prior to the issuance of the order.

In fairness to the actions of the defendant Chief of Police, he followed the statute which is hereby incorporated in this order.

175:6 Prohibited Sales. No licensee, sales agent, nor any other person, shall sell or give away or cause or permit or procure to be sold, delivered or given away any liquor or beverage to a person under the age of 20 years, to an habitual drunkard, to an insane person, to a person under the influence of liquor, or to any other person to whom any court, selectman of a town, chief of police, overseer of public welfare or the commission shall prohibit sale. In no case shall any section of this title be so construed as to permit sale of liquor or beverages in any so-called saloon or speakeasy.

The parties to this action have expressed concern as to where the line will be drawn should the statute be held unconstitutional. Plaintiffs have agreed that in presenting the issue of constitutionality they have no interest in that part of the statute effecting the sale of alcoholic beverages to a minor. There is no savings clause. However, as brought out more fully hereinafter, the

court will confine its opinion to the posting process and the authority granted the chief of police to prohibit sale of alcoholic beverages "to any other person".

■ In the first instance, the court is concerned with the constitutionality of the practice of "posting" of an individual. The instant statute does not on its face confer authority for this practice, but it is cited as authority for the action in this case.

The constitutionality of that practice is governed by the rule established in *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). There, the analogous Wisconsin statute allowed posting of an individual who fell within set criteria such as wasting his estate or endangering the safety of himself or members of his family. The Chief of the Hartford, Wisconsin, Police Department posted a notice prohibiting sales or gifts of liquor to Constantineau, and she filed for injunctive relief and declaratory judgment that the Wisconsin statute was unconstitutional. The Supreme Court wrote:

> Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential. "Posting" under the Wisconsin Act may to some be merely the mark of illness, to others it is a stigma, an official branding of a person. The label is a degrading one. Under the Wisconsin Act, a resident of Hartford is given no process at all. This appellee was not afforded a chance to defend herself. She may have been the victim of an official's caprice. Only when the whole proceedings leading to the pinning of an unsavory label on a person are aired can oppressive results be prevented.

400 U.S. at 437, 91 S.Ct. at 510.

The constitutional evil confronted in that case and the one at bar is the statutory power allegedly vested in the Chief of Police to adjudicate the status of plaintiff without any of the due process safeguards of the 14th Constitutional Amendment inherent in the posting process. As was the Wisconsin statute, the court holds that Chapter 175:6 is unconstitutional so far as it allows the Chief of Police to prohibit the sale *or gift* of alcohol to plaintiffs by posting.

The defendant's order does not assert any of the categorical infirmities in the statute; the court interprets it to be based upon the first provision, "or to any other person to whom any court, selectmen of a town, chief of police, overseer of public welfare or the commission shall prohibit sale". The court rules that this provision is an unconstitutional delegation of legislative power. See generally, *Ferretti v. Jackson*, 88 N.H. 296, 297–300, 188 A. 474 (1936). This is a different infirmity than that addressed in *Wisconsin v. Constantineau, supra.* While that case dealt with an adjudication that an individual was within a circumscribed category that was inherent in the posting, the defect here is that the Chief of Police is empowered to determine the categories to which sale is prohibited. The *Ferretti* court drew a distinction between general legislation non-delegable under the New Hampshire constitution, part 2, art. 2 and rules "of a subordinate nature to a general law to meet the necessities of government". 88 N.H. at 299, 188 A. 474. Clearly the determination by the Chief of Police that plaintiffs should not be sold alcoholic beverages is on a par with the legislature's determination to ban sale of alcohol to minors. It goes beyond the administrative regulation that the *Ferretti* court would allow, 88 N.H. at 302, 188 A. 474, and is unconstitutional.

■ The court next addresses the impact of this holding upon the remaining provisions of Chapter 175:6, N.H.Rev.Stat. Ann. The parties to this action have expressed concern that the rendering of a part unconstitutional mandates a determination that the whole is void, as there is no savings clause. However, there is no hard and fast rule requiring a savings clause in order to uphold a portion of an unconstitutional statute. The effect of the savings clause is merely to reverse the common law presumption that the legislature intends the act to be effective as a whole. *Carter v. Carter-Coal Co.*, 298 U.S. 238, 312–313, 56

S.Ct. 855, 873, 80 L.Ed. 1160 (1936). In the absence of a savings clause, the common law presumption is extant, but it is not conclusive. Severability depends upon the intent of the legislature. The rule is well stated in *Champlin Refining Co. v. Corporation*, 286 U.S. 210, 234, 52 S.Ct. 559, 564, 76 L.Ed. 1062 (1932), where the court stated:

> The unconstitutionality of a part of an Act does not necessarily defeat or affect the validity of its remaining provisions. Unless it is evident that the legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law. *Connolly v. Union Sewer Pipe Co.*, 184 U.S. 540, 565 [22 S.Ct. 431, 441, 46 L.Ed. 679]. *Pollock v. Farmers' Loan & Trust Co.*, 158 U.S. 601, 635 [15 S.Ct. 912, 919, 39 L.Ed. 1108]. *Reagan v. Farmers' Loan & Trust Co.*, 154 U.S. 362, 395–396 [14 S.Ct. 1047, 1053, 38 L.Ed. 1014]. *Field v. Clark*, 143 U.S. 649, 695–696 [12 S.Ct. 495, 505, 36 L.Ed. 294].

See also 2 Sands, Sutherland Statutory Construction § 44.12 (4th Ed. 1973); *Woolfe v. Fuller*, 87 N.H. 64, 69, 174 A. 193 (1934). The instant statute is a disjunctive collection of five prohibitions against the distribution of alcoholic beverages. Each is a separate category of individuals, independent of the others in conception, execution, and constitutional validity. The connection between the provisions is that each represents a class of individuals to whom the sale of alcoholic beverages is deemed ill-advised. Therefore, the court's holding is limited to the final provision of the statute, the prohibition of distribution "to any other person to whom any court, selectman of a town, chief of police, overseer of the public welfare or the commission shall prohibit sale". The constitutionality of any of the other provisions of the statute cannot be determined until they are controverted. See generally, *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937).

The following portion of RSA 175:6 is declared unconstitutional wherever it is underlined.

175:6 Prohibited Sales. No licensee, sales agent, nor any other person, shall sell or give away or cause or permit to procure to be sold, delivered or given away any liquor or beverage to a person under the age of 20 years, to an habitual drunkard, to an insane person, to a person under the influence of liquor, or <u>to any person whom any court, selectman of a town, chief of police, overseer of public welfare or the commission shall prohibit sale.</u>